## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| NATIONAL UNION FIRE | § | |
| INSURANCE COMPANY OF | § | |
| PITTSBURGH, PA., | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-05-4159 |
| | § | |
| UNITED TRANSPORTATION | § | |
| UNION INSURANCE ASSN., | § | |
| Defendant. | § | |

### MEMORANDUM AND ORDER

This case is before the Court on Defendant's Motion to Dismiss [Doc. # 13], to which Plaintiff filed a response [Doc. # 24], and Defendant filed a Reply [Doc. # 28]. Defendant argues that a forum selection clause applies to all of Plaintiff's claims in this case and, therefore, the case should be dismissed.  Plaintiff argues that Defendant waived its argument by removing the case from state court to this court.  Plaintiff argues in the alternative that, even if Defendant has not waived its argument, the forum selection clause does not apply to one of Plaintiff's three claims.

Based on the Court's review of the full record and the application of governing legal authorities, the Court holds that Defendant's challenge to venue in this Court based on the forum selection clause was not waived by removal.  The Court also finds,

however, that the forum selection clause does not apply to Plaintiff's claim seeking to recover under the liability insurance policy. As a result, only the breach of contract and promissory estoppel claims are subject to dismissal based on the forum selection clause.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Defendant United Transportation Union Insurance Association ("UTUIA") and its individual directors were covered by a liability insurance policy (the "Policy") issued by Plaintiff National Union Fire Insurance Company ("National Union"). A UTUIA director, John Rookard, was indicted in September 2003 for alleged violations of the Labor Management Reporting and Disclosure Act.

Rookard and his attorney, Carey M. Feldman with the District of Columbia law firm Feldesman Tucker Leifer Fidell, asked the UTUIA to advance payment of legal fees and expenses. In connection with the advancement of those fees and expenses, the UTUIA, Rookard, and the law firm entered into an Undertaking Agreement which provided for Rookard to repay the advanced funds if he pleaded guilty. The Undertaking Agreement contained a forum selection clause providing that all claims "in respect of" the Undertaking Agreement would be brought in the "courts of the State of Ohio." UTUIA advanced fees prior to the time Rookard was indicted.

2

Rookard also sought payment of his legal fees from Plaintiff under the Policy. The Policy provided for advance defense costs which would be repaid if the insured had committed any criminal act.  National Union paid the law firm for Rookard's fees between his indictment in September 2003 and his plea of guilty in March 2004.

The law firm later assigned to National Union "all claims and causes of action" against UTUIA for the fees allegedly owed as a result of the Undertaking Agreement.

National Union filed this lawsuit in Texas state court against UTUIA, alleging that UTUIA breached the Undertaking Agreement, owed fees to the law firm under the doctrine of promissory estoppel, and was liable to repay the fees National Union had paid directly to the law firm under the terms of the Policy.  Defendant removed the case to this court and moved to dismiss based on the forum selection clause requiring the case be brought in state court in Ohio.

## II.   <u>ANALYSIS</u>

Parties may contractually agree on a forum to litigate disputes.  *See Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 588 (1991).  Such forum selection clauses are generally considered valid and should be enforced.  *M/S/Bremen v. Zapata Off-Shore Company*, 407 U.S. 1, 10 (1972); *Seattle-First National Bank v. Manges*, 900 F.2d 795, 799 (5th Cir. 1990); *Kessman & Associates, Inc. v. Barton-Aschman Associates, Inc.*, 10 F. Supp. 2d 682, 688 (S.D. Tex. 1997).  The party resisting the

3

forum selection clause must show the clause is "unreasonable" before a court may decline to enforce it. *Carnival Cruise Lines*, 499 U.S. at 595; *Marinechance Shipping, Ltd. v. Sebastian*, 143 F.3d 216, 220 (5th Cir. 1998).

In this case, Plaintiff does not claim that the forum selection clause in the Undertaking Agreement is unreasonable.  Instead, Plaintiff argues that by removing the case from state court, Defendant waived its argument that the forum selection clause renders venue improper in this court.  Plaintiff's argument, however, is contrary to well-established Fifth Circuit authority.  *See International Software Systems, Inc. v. Amplicon, Inc.*, 77 F.3d 112, 114 (5th Cir. 1996).  In *Amplicon*, as in this case, the defendant removed the case to federal court and then moved to dismiss the case for improper venue based on a forum selection clause.  The district court granted the defendant's motion, and the Fifth Circuit affirmed.

Plaintiff also argues that the forum selection clause does not apply to its claim based on the Policy.  The Court agrees.  The Policy is a separate contract from the Undertaking Agreement, and the dispute regarding the Policy does not involve interpretation of the Undertaking Agreement in any way.  As a result, the forum selection clause does not apply to the Policy claim and that claim is not subject to dismissal. *Cf. Amplicon*, 77 F.3d at 116 (holding that forum selection clause in contract applied to controversy that "centers around which party's interpretation of the contract

is the correct one, and whether a party was fraudulently induced to enter into the contract).

The Court's ruling in this case, that only the breach of the Undertaking Agreement and the promissory estoppel claims are subject to dismissal, could result in the parties having to proceed in two different courts in two different states. This would appear to create a hardship for the parties, and would waste the time and other resources of the parties and the courts. Also, thorny collateral estoppel issues could arise. It seems that the parties and the interests of justice would benefit significantly from litigating this dispute in one single court or, at least, in one state. Therefore, the Court will require the parties to discuss how they want to proceed and to be prepared to discuss the matter with the Court at the initial pretrial conference on March 3, 2006.

In addition, there is an issue about whether this district is the appropriate district – based on the convenience of the parties and witnesses, and the interests of justice – for trial of the Policy claim given that the claim is asserted by a New York insurance company against an Ohio corporation to recover legal fees billed by a Washington, D.C. law firm for work performed for a California client who was indicted in Texas. Therefore, if Plaintiff does not agree to dismiss the Policy claim voluntarily and without prejudice to its being refiled in state court in Ohio, the Court will require the parties' analysis of the propriety of a transfer of venue under 28 U.S.C. § 1404(a).

## III.   <u>CONCLUSION AND ORDER</u>

Defendant's removal of this case did not waive its challenge to venue in this court based on the forum selection clause in the Undertaking Agreement.  The forum selection clause, however, does not apply to Plaintiff's claim based on the Policy. Accordingly, only the breach of contract and the promissory estoppel claims are subject to dismissal based on the forum selection clause.

As is discussed above, prosecution of this case in different courts in different states appears to be a waste of resources.  Accordingly, it is hereby

**ORDERED** that Defendant's Motion to Dismiss [Doc. # 13] is **GRANTED** as to the breach of Undertaking Agreement claim and the promissory estoppel claim and **DENIED** as to the claim under the Policy.  It is further

**ORDERED** that the parties shall confer prior to the initial pretrial conference on March 3, 2006, regarding whether Plaintiff wishes to dismiss voluntarily and without prejudice its claim under the Policy so that the entire case can be refiled in state court in Ohio.  It is further

**ORDERED** that, if Plaintiff does not want to dismiss the Policy claim without prejudice to refiling it with the other claims in Ohio state court, the parties shall file by **noon on March 3, 2006**, with a courtesy copy delivered to chambers by the noon

deadline, briefing, with supporting evidence, addressing the factors relevant to transfer of the Policy claim to federal court in Ohio pursuant to 28 U.S.C. § 1404(a).

SIGNED at Houston, Texas, this **23rd** day of **February, 2006.**


Nancy F. Atlas
United States District Judge